IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| LOREN D. HALL, SR., | |
| Petitioner, | CIVIL ACTION NO.: 5:19-cv-30 |
| v. | |
| WARDEN ADAMS, et al., | |
| Respondents. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Loren Hall ("Hall"), who is currently incarcerated at the Coastal Transition Center in Savannah, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, challenging his 2018 Ware County, Georgia revocation proceedings.  Doc. 1.  Respondent Markowich; Respondents Foster, Kinlaw, Rowell, and Spears; and Respondent Adams filed Motions to Dismiss.  Docs. 9, 17, 20.  Hall failed to respond to any of these Motions, despite having the opportunity to do so and being forewarned of the consequences of his failure to respond to these Motions.  Docs. 10, 15, 18, 22.  For the reasons set forth below, I **RECOMMEND** the Court **GRANT** Respondents' unopposed Motions to Dismiss, **DISMISS** Hall's Petition as untimely, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hall *in forma pauperis* status on appeal and a Certificate of Appealability.[1]

---

[1] In addition to the Respondents who filed Motions to Dismiss, Hall also names Tasha Roberts and Chuck Chancey, two state parole officers, and Jim McGee, a private attorney, as Respondents.  Doc. 1.  Although these three Respondents did not file their own dispositive motions, the grounds the other Respondents raise in their Motions are no less applicable to Roberts, Chancey, and McGee.  Thus, these recommendations should apply to the entirety of the proceedings before the Court.

## BACKGROUND

Hall was indicted in Ware County, Georgia, in August 2007 on four counts of violations of O.C.G.A. § 16-13-30, the Georgia Controlled Substances Act. Doc. 21-1. Hall entered into a plea agreement whereby he pled guilty to counts 1 and 3 (possession of cocaine and MDMA with intent to distribute) of the indictment, and counts 2 and 4 (possession of cocaine and MDMA) were merged into counts 1 and 3. Id. at 4. Hall was sentenced to 15 years' imprisonment as to each count. Id. at 5. The Georgia State Board of Pardons and Paroles ("the Board") granted Hall parole on August 4, 2016. Doc. 20-1 at 1; Doc. 21-3 at 1.

On January 4, 2018, Hall was charged with the committing the following violations of the conditions of his release: (1) failing to abide by reporting instructions on several occasions; (2) illegal drug use; (3) failing to maintain his lane; (4) fleeing or attempting to elude a police officer; (5) obstruction of an officer; (6) possession of cocaine; (7) two additional counts of obstruction; and (8) failing to pay his supervision fee. Doc. 21-3 at 5. The Board notified Hall by notice on January 4, 2018 of a final parole revocation hearing. Id. After a video conference hearing on January 25, 2018, the Board revoked Hall's parole based on the testimony and evidence presented, including Hall's admissions of guilt as to several alleged violations. Id. at 2–4. The Board issued its final revocation order on January 31, 2018. Id. at 1. Hall executed his § 2254 Petition on April 16, 2019, and it was filed on April 19, 2019. Doc. 1.

## DISCUSSION

In his Petition, Hall asserts his right to due process was violated because: he was denied his "right" to a preliminary hearing before the final revocation hearing; the revocation decision was based on unreliable hearsay, and Hall was not given the opportunity to rebut the hearsay; the Board relied on an officer's summary of evidence without viewing the actual evidence; there was

2

insufficient evidence to charge him with violating his parole; and he was not returned to the trial court for commitment pending a final hearing. Doc. 1 at 5, 16. Hall also asserts his counsel was ineffective for failing to: ensure the Board followed proper procedures; compel the State's witnesses to produce material evidence; properly investigate charges; subpoena key witnesses; conduct an investigation; object during the hearing based on new, unsupported charges; object to the prosecution dismissing charges on improper grounds; and object to Hall being tried in a non-judicial forum. Id. at 6–7, 17. In addition, Hall states the Board: allowed the hearing officer to ignore exculpatory evidence presented during the hearing; lacked probable cause to revoke his parole; violated due process by convicting him on charges outside of their jurisdiction; was prejudiced against Hall based on hearsay; failed to allow Hall to exercise his right to proceed to trial; and showed malice by not allowing exculpatory evidence. Id. at 7, 20.

**I.     Hall's Petition is Untimely**

A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> (A)   the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B)   the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Within the context of parole revocation proceedings, § 2244(d)(1)(D) provides the applicable limitations period.  West v. Johnson, CV 116-052, 2016 WL 6246818, at *2 (S.D. Ga. Oct. 3, 2016) (citing Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008), and then citing Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008))).

Hall's parole was revoked on January 31, 2018.  Doc. 1 at 1; Doc. 21-3 at 1.  There is no evidence before the Court indicating Hall did not become aware of this decision on January 31, 2018, and his conviction became final on this date.  Id.  Because Hall's revocation was final on January 31, 2018, he had one year from that date in which to file a timely federal habeas petition.  §2244(d)(1)(D).  Hall executed his § 2254 Petition on April 16, 2019, and it was filed in this Court on April 19, 2019.  Doc. 1.  On its face, Hall's Petition is untimely under § 2244(d)(1)(D).  Because Hall has not shown he is entitled to statutory tolling, the Court must determine whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition.  Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace, 544 U.S. at 418).  Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case."  Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010).  "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'"  Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Hall does not present any basis for equitable tolling of the statute of limitations.  Hall offers nothing to show that he had been pursuing his rights—diligently or otherwise—from the time of his parole revocation until the filing of the instant § 2254 Petition and that some

4

extraordinary circumstance prevented him from filing a timely § 2254 Petition. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014). As he has failed to meet this burden, Hall is not entitled to equitable tolling.

Further, a court may consider "an otherwise untimely petition for federal habeas corpus relief" "upon a showing that a 'fundamental miscarriage of justice' has occurred, whereby 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" West, 2016 WL 6246818, at *4 (quoting McQuiggin v. Perkins, 569 U.S. 383, 392 (2013), in turn citing Murray v. Carrier, 477 U.S. 478, 495–96 (1986))); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218–19 (11th Cir. 2000). "The actual innocence exception 'is exceedingly narrow in scope,' and a time-barred petitioner seeking to invoke it must be able '(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence.'" West, 2016 WL 6246818, at *4 (quoting Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted)). The Supreme Court has noted, "The miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin v. Perkins, 569 U.S. 383, 394–95 (2013).

In this case, Hall has not shown miscarriage of justice will occur if his claims are not considered. To the extent Hall challenges his guilt of the parole violations, he has presented no evidence to support, let alone satisfy, his burden that no reasonable fact finder could have found him guilty of the eight violations for which his parole was revoked. In other words, Hall has not

5

shown it is more likely than not he would not have had his parole revoked to successfully use the "actual innocence" exception to allow this Court to entertain his otherwise untimely Petition.

For all these reasons, the Court should **GRANT** Respondents' unopposed Motions to Dismiss and **DISMISS** Hall's Petition as untimely filed.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Hall leave to appeal *in forma pauperis* and deny him a Certificate of Appealability.  Though Hall has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

6

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Hall's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Hall *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondents' unopposed Motions to Dismiss, **DISMISS** as untimely Hall's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hall leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Hall at his last known address and Respondents.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of November, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA